UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ERIC FLORES,
    Plaintiff,

v.

US ATTORNEY GENERAL and FEDERAL
BUERAL OF INVESTIGATION,
    Defendants.

No. 3:15-cv-0510 (JAM)

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

A federal court may dismiss an *in forma pauperis* action "at any time" if it determines that an action is "frivolous or malicious" or otherwise "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Patterson v. Rodgers*, 708 F. Supp. 2d 225, 231–32 (D. Conn. 2010).

Plaintiff in this action has filed an *in forma pauperis* complaint alleging that defendants—the U.S. Attorney General and the Federal Bureau of Investigation—have violated his constitutional rights by "conspir[ing] to deprive [him] of a daily human basic need such as bar of soap . . . a razor . . . or even spit on [his] daily meals," and by "interfer[ing] with [his] outgoing legal mail" while plaintiff was incarcerated in the El Paso County Detention Facility Jail Annex in El Paso, Texas. Doc. #1 at 7. Plaintiff also claims, among other things, that defendants "use[d] advanced technology with a direct signal to the satellite in outerspace [sic]" to cause him "severe mental pain" and to kill his uncle, and have set up kangaroo courts "with the specific intent of simulateing [sic] the legal process." *Id.* at 8–9. Plaintiff seeks an injunction prohibiting the alleged actions, a referral to the U.S. Department of Justice, and "general relief." *Id.* at 63.

Plaintiff's action easily warrants dismissal under § 1915(e)(2)(B). To begin with, the

complaint alleges no facts that have anything to do with Connecticut for purposes of venue under 28 U.S.C. § 1391(b). Although the complaint states that defendants reside or work in Bridgeport Connecticut, and that acts relevant to the complaint occurred in Bridgeport, Connecticut, *see* Doc. #1 at 5, plaintiff lists defendants' addresses in Washington, D.C. and El Paso, Texas, *see id.* at 1, 64, and his factual allegations refer to no actions in Connecticut.

Moreover, plaintiff's request—a "Petition to Challenge the Constitutionality of the First Amendment"—and his allegations manifestly fail to state a plausible claim for relief. *See, e.g.*, *id.* at 8 ("The organized group of executive employees of the federal government retaliated against the invocation of the petitioners [sic] constitutional right by useing [sic] advanced technology with a direct signal to the satelite [sic] in outerspace [sic] that has the capability of calculateing [sic] genetic code to cause the petitioners Uncle Jorge Salas severe heart pain for long durations exceeding calendar years inwhich [sic] was equivalent in intensity to cardiac and respatory [sic] failure leading to a heart attack and resulting in the death of the petitioners [sic] Uncle Jorge Salas."). To the extent plaintiff alleges actionable harms at the hands of El Paso County corrections officers, he fails to allege non-frivolous grounds on which to hold defendant federal officials responsible. *See, e.g.*, *id.* at 7 ("[T]he organized group of executive employees of the federal government . . . were impersonateing [sic] detention officers . . . .").

In short, plaintiff's claims are frivolous and furnish no plausible or conceivable grounds for relief. Accordingly, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is so ordered.

Dated at New Haven this 31st day of July 2015.

/s/ **_Jeffrey Alker Meyer_**
Jeffrey Alker Meyer
United States District Judge